UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ENID MCCORMACK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 4:10-CV-1068 CAS |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to file a first amended complaint. Defendant opposes the motion. For the following reasons, the Court will grant plaintiff's motion for leave to amend.

**Background**

Plaintiff brings her claims under the Federal Tort Claims Act, 28 U.S.C. § 2674 ("FTCA"). She alleges that on March 19, 2009, as she left the United States post office in Creve Coeur, Missouri, the automatic door closed on her, knocking her down and breaking her hip. In her complaint, she brings Count I for negligence and Count II for res ipsa loquitur.

On May 25, 2011, defendant filed a motion to dismiss for lack of subject matter jurisdiction. The government claims that plaintiff's claims fall within an exception to the FTCA's waiver of sovereign immunity. Specifically, the government argues that the discretionary function exception to the FTCA applies to plaintiff's claims because the alleged negligent conduct involves the performance, or the failure to perform, a discretionary function.

On June 15, 2011, before filing her opposition to the government's motion, plaintiff filed the instant motion for leave to amend her pleading. Plaintiff seeks leave to file a first amended complaint

to add allegations relating to defendant's alleged negligence in "maintaining the door so that it did not close with such a force and speed that it would knock down a person or plaintiff as they passed through the doorway." Without being granted leave to amend her pleading, plaintiff filed an opposition to defendant's motion to dismiss, and incorporated arguments that related to her proposed amended complaint.

Defendant states in its reply brief that if plaintiff is granted leave to file the amended pleading, "her case [will] survive defendant's jurisdictional defense under the discretionary function exception to the FTCA." Def. Reply at 11. Defendant opposes the motion for leave to amend, stating that the motion comes a year after the filing of the original complaint. Defendant also argues that granting the motion to amend will require "reopening discovery on the new factual allegations" and thus prejudice defendant.

**Discussion**

Plaintiff's motion for leave to amend comes four months after the deadline for filing such a motion as set out in the case management order. Where a party seeks leave to amend its complaint after the deadline in the case management order has passed, Federal Rule of Civil Procedure 16(b)'s good-cause standard applies, not the standard of Rule 15(a). Under Rule 16(b), the party must show good cause in order to be granted leave to amend. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). Accordingly, when a party seeks to amend its pleading after the time allowed by the scheduling order, the court does not abuse its discretion by applying this good cause standard rather than the more liberal Rule 15 standard cited by plaintiff. See also 3 James Wm. Moore et al., Moore's Federal Practice § 15.14[1] (3d ed. 2010).

A.  Diligence of Party Seeking Leave to Amend

In Sherman, the Eighth Circuit set out the requirements for finding good cause. Of primary importance is the movant's diligence in attempting to meet the order's requirements. Sherman, 532 F.3d at 716-17 (citing Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." Id. at 717 (internal citations omitted).

Here, plaintiff sought leave to amend the complaint more than four months after the deadline established in the case management order. While on its face this might reflect a lack of diligence, the Court is mindful of the history of this case. On September 9, 2010, the case management order issued. No activity was docketed in the case until April 2011, after the Court issued the Order Referring the Case to ADR. At that point, the parties sought additional time to complete mediation, and informed the Court that the Assistant U.S. Attorney originally assigned to the case, Stephen S. Davis, was no longer with the U.S. Attorney's Office. On April 14, 2011, Assistant U.S. Attorney Nicholas Llewellyn entered his appearance on behalf of the government.

The next day, April 15, 2011, was the deadline for the parties to complete all discovery. According to plaintiff's counsel, because of the change in counsel for the government, the deposition of defendant's corporate representative was not taken until May 11, 2011. Plaintiff's counsel states that at this deposition, new information was divulged and defendant produced additional documents.

On May 25, 2011, the day before the rescheduled mediation, defendant filed its motion to dismiss for lack of subject matter jurisdiction. The government filed the motion after the case had been pending for nearly a year, and after the deadline in the case management order for filing dispositive motions had passed. The government had not raised lack of subject matter jurisdiction in its responsive pleading. The Court is well aware that it must dismiss an action at any time if it determines that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). It seems unfair, however, for the government to delay filing such a motion until after all discovery and dispositive motion deadlines have passed, but then, when the motion triggers plaintiff's motion for leave to amend the complaint, argue that plaintiff "waited until the eleventh hour . . . in an attempt to avoid a potential jurisdictional dismissal." Def.'s Opp'n to Pl's Mot. for Leave at 3. Additionally, plaintiff suggests the new allegations were brought about by late discovery, which apparently was caused by the change of counsel in the U.S. Attorney's Office. (Pl. Mot. for Leave at ¶¶ 3-5).

The Court finds that any lack of diligence of plaintiff in filing the motion for leave to amend was at least partially caused by the government's change of counsel, its late production of a corporate representative and accompanying documents, and the late filing of the government's motion to dismiss for lack of subject matter jurisdiction.

B. Prejudice to Nonmoving Party

Delay in seeking to amend, alone, is an insufficient justification to deny leave. Prejudice to the nonmovant must also be shown. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 455 (8th Cir. 1998) (citing Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981)). Any prejudice to the nonmoving party must be weighed against the prejudice to the moving party by

not allowing the amendment. Id. Where the requested amendments are based on facts similar to the original complaint, leave is normally granted. Id. (citations omitted).

As stated above, the government has stated that plaintiff's proposed amended complaint would survive defendant's jurisdictional defense. Def. Reply at 11 ("Only if the Court grants Plaintiff's Motion to amend her Complaint will her case survive Defendant's jurisdictional defense under the Discretionary Function Exception of the FTCA."). Thus, as admitted by the government, denying plaintiff's motion would severely prejudice her case. As the Eighth Circuit has stated, leave should be granted where the proffered amendment would cure the defects of the original complaint. Buchanan v. City of Little Rock, 107 F.3d 875 (8th Cir. 1997) (unpublished per curiam).

In opposition to plaintiff's motion for leave to amend, the government states that granting the motion will require reopening discovery on the new factual allegations. The government does not state with any specificity, however, what additional discovery would be required. For her part, plaintiff states that the new allegations relate to the same issues already involved in the case. Plaintiff has not sought to reopen discovery or extend any deadlines related to discovery.

Plaintiff's proposed new allegations relate primarily to the maintenance of the automatic doors at the Creve Coeur post office; the original complaint relates to the failure of the post office to install sensors and warnings on the doors. The Court finds that the facts of the amended complaint are sufficiently similar to the facts of the original complaint, such that any additional discovery would be minimal. There would also be no undue prejudice to the defendant in this case if amendment were to be allowed, as the Court could grant a continuance of the trial date.

For the foregoing reasons, the Court finds good cause to grant plaintiff leave to file her first amended complaint.

C.  Defendant's Motion to Dismiss for Lack of Jurisdiction

Because an amended complaint supercedes the original complaint and renders it without legal effect, see In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000), pending motions pertaining to the original complaint should be denied as moot, see Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002), without prejudice to the filing of motions concerning the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file first amended complaint is **GRANTED**. [Doc. 19]

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and docket plaintiff's first amended complaint, which was submitted as an attachment to the motion for leave.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss for lack of jurisdiction is **DENIED without prejudice as moot**. [Doc. 14]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of July, 2011.