# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ENID MCCORMACK, | ) |
| Plaintiff, | ) |
| | ) No. 4:10-CV-1068 CAS |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for partial dismissal of plaintiff's first amended complaint for lack of subject matter jurisdiction. Plaintiff opposes the motion. For the following reasons, the Court will grant defendant's motion for partial dismissal.

## Background

On March 19, 2009, plaintiff Enid McCormack was knocked to the ground by an automatically closing door as she exited the United States post office in Creve Coeur, Missouri. As a result, she fractured her hip and required hip replacement surgery.

Plaintiff brings this action against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2674 ("FTCA"). The first amended complaint is brought in two counts: negligence (Count I) and res ipsa loquitur (Count II). Plaintiff alleges, among other things, that the United States Postal Service ("USPS") negligently failed to install properly working sensors for the vestibule doors, which would have prevented the doors from closing on plaintiff as she passed through, and negligently failed to provide an adequate path of direction by not placing rails or ropes in strategic places to direct the flow of traffic through the doors.

On July 18, 2011, defendant filed a motion to dismiss for lack of subject matter jurisdiction. The government maintains that plaintiff's claims fall within the discretionary function exception to the FTCA's waiver of sovereign immunity. Specifically, the government argues it was performing a discretionary function with respect to choice of doors and door arrangements at the Creve Coeur post office and thus is immune from liability.

**Standard on Motion to Dismiss**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move for dismissal based on lack of jurisdiction over the subject matter. "Dismissal under Rule 12(b)(1) is appropriate if the issue before the court is whether the plaintiff has failed to satisfy a threshold jurisdictional requirement." Schubert v. Bethesda Health Group, Inc., 319 F. Supp. 2d 963, 966 (E.D. Mo. 2004) (citation omitted). When a court considers a Rule 12(b)(1) motion, it has "'broader power to decide its own right to hear the case than it has when the merits of the case are reached.' . . . Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990) (quoting and citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). Further, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Id. at 730 (citation omitted).

**Discussion**

The material jurisdictional facts are undisputed. On March 19, 2009, plaintiff went into the Creve Coeur post office to conduct postal business. The Creve Coeur post office has two exterior doors to enter and exit, and a vestibule area with two interior doors to enter and exit. As customers

face the building from the exterior, the right hand door is marked with an "entrance" sign, and the left door is marked with an "exit" sign. Inside the post office and facing the doors, the right hand door has an illuminated red exit sign above it. The doors are handicap assist doors, with a button located to the side of the door. When the button is pushed, the door will open and stay open for a period of time before it automatically closes. The doors have a handicap symbol on them, stating they are "manual automatic door[s]."

As plaintiff left the post office, she attempted to exit out the left hand interior door because she thought it was propped open. As she entered the doorway, the door closed, striking her on the left shoulder, and plaintiff fell to the floor on her right side.

Lawsuits lodged against the United States of America are barred by sovereign immunity unless the United States consents to such suit. Hercules, Inc. v. United States, 516 U.S. 417, 422 (1996) (citations omitted). The Eighth Circuit recently summarized the relevant law of sovereign immunity as follows:

> The United States is immune from suit unless it consents. Congress waived the sovereign immunity of the United States by enacting the FTCA, under which the federal government is liable for certain torts its agents commit in the course of their employment.
> The United States is, nevertheless, immune if an exception applies. Under 28 U.S.C. § 2680(a), the FTCA does not waive immunity for "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."
> A two-part test determines when the discretionary function exception applies. First, the conduct at issue must be discretionary, involving an element of judgment or choice. The second requirement is that the judgment at issue be of the kind that the discretionary function exception was designed to shield. Because the exception's purpose is to prevent judicial second-guessing of government decisions based on public policy considerations, it protects only those judgments grounded in social, economic, and political policy.

Hart v. United States, 630 F.3d 1085, 1088 (8th Cir. 2011) (quoting Riley v. United States, 486 F.3d 1030, 1032 (8th Cir. 2007) (citations and internal marks omitted)). Where the United States has not waived sovereign immunity under the FTCA, the district court lacks subject matter jurisdiction to hear the case. Id.

The government moves to dismiss plaintiff's following claims of negligence from the first amended complaint, arguing that the discretionary function exception applies, and there is no subject matter jurisdiction:

> d) the employees failed to install a properly working sensor or other device on and/or for the Creve Coeur Post Office vestibule door prior to March 19, 2009 to prevent the door from closing unexpectedly on plaintiff as she passed through it;
>
> e) the employees failed to provide a safe door arrangement for Plaintiff to safely enter and leave the building;
>
> f) the employees failed to provide sensors above the door or sensors on the floor that would keep the door from closing on plaintiff and other persons as they were entering and leaving the building; and
>
> i) the employees failed to provide an adequate path of direction for plaintiff to leave the business counter and exit the building safely by the employees not placing rails or ropes or signs in strategic places to direct the flow of customer traffic so that plaintiff and other customers could safely exit the building.

To take advantage of the discretionary function exception, the government must first establish that the challenged conduct "involve[d] an element of judgment or choice." Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536 (1988). Here, plaintiff challenges the decision to install and maintain handicap assist entrance and exit doors at the Creve Coeur post office that do not have a sensor device to keep the door open if a customer was standing in the doorway, after the opening time for the door has timed out. Additionally, plaintiff challenges the decision not to place rails or

ropes in strategic places for purposes of entry and exit or otherwise "provide a safe door arrangement."[1]

The government states, and plaintiff does not dispute, that no mandatory statute, regulation, or policy requires the USPS to install automatic doors with sensors in its postal facilities or to upgrade the existing installed doors to fully automatic doors with sensors. Nor is there any mandatory statute, regulation, or policy requiring the USPS to place rails or ropes to designate an entry or exit pathway. Plaintiff apparently concedes that there is no statute, regulation, or specific policy that dictates the type of doors or exit pathways to install in United States post offices. Therefore, decisions regarding the installation of doors and exit pathways are discretionary. See Demery v. United States Dep't of Interior, 357 F.3d 830, 833 (8th Cir. 2004).

Even if the conduct was discretionary, however, the "'court must [still] determine whether that judgment is of the kind that the discretionary function exception was designed to shield,'" before concluding that the suit is barred." Id., 357 F.3d at 833 (quoting Berkovitz, 486 U.S. at 536). "Because the exception's purpose is to prevent judicial second-guessing of government decisions based on public policy considerations, it protects only those judgments grounded in social, economic, and political policy." Riley v. United States, 486 F.3d 1030, 1032 (8th Cir. 2007) (quoting C.R.S. by D.B.S. v. United States, 11 F.3d 791, 796 (8th Cir. 1993)). The judgment or decision need only be "susceptible to policy analysis, regardless of whether social, economic, or political policy was ever actually taken into account, for the exception to be triggered." Demery, 357 F.3d at 834 (finding the

---

[1]The Court notes that the government seeks to dismiss only the allegations of negligence associated with the USPS's choice of doors to install and the USPS's choice of door arrangement. See Def.'s Mem. in Support of Mot. to Dismiss at 2 (citing Am. Compl. at ¶¶ 7(d), 7(e), 7(f), 7(i), 16(d), 16(e), 16(f), and 16(i)). The government does not seek to dismiss claims of negligence involving the failure of the USPS to maintain and inspect the doors once installed. Id. at 2-3.

Bureau of Indian Affairs maintenance of an aeration system "lends itself to policy analysis," and therefore the BIA was immune from suit for decisions regarding the maintenance of the aeration system). The plaintiff must rebut this presumption; otherwise, the court will "presume the decision was based on public policy considerations." Id. at 833 (quoting Dykstra v. United States Bureau of Prisons, 140 F.3d 791, 796 (8th Cir. 1998)).

In support of its motion, the government has filed the declaration of Mike Schech, an Architect/Engineer for the USPS, who has knowledge and experience regarding USPS building procedures for new post offices. In his declaration, Mr. Schech states that at the time the Creve Coeur post office was designed, the USPS did not have standard specifications for post office construction. Schech Aff. ¶ 5. Rather the USPS relied upon its hired architect-engineering firm to prepare its own specifications, guided by the USPS Standard Design Criteria. Id. At the time the Creve Coeur post office was designed, the USPS Standard Design Criteria did not have specifications regarding installation of automatic doors or handicap assist doors at the post office. It left the selection of the type of door in the hands of the architect-engineering firm, and relied upon the firm to specify a design that would comply with applicable codes. Id.

Mr. Schech states that the USPS personnel involved in this decision would have been located at the USPS Facilities Service Office in Overland Park, Kansas. Id. at ¶ 9. These employees would have consulted with the Robert Boland Architectural Firm, the hired architect-engineering firm, in making the final design specification, including the decision of what type of doors and opening devices would be appropriate for the Creve Coeur post office. Mr Schech states, "[t]he decision as to what kind of entry/exit door to use would have been based upon the recommendation of the retained [architect-engineering firm], the existing codes and building requirements as determined by

the [architect-engineering firm], the needs of the Postal Service, the cost involved, and in anticipation of the needs of the customers in the community who would be utilizing that Post Office Facility." Id. at ¶ 9. Furthermore, "[d]ue to cost, disruption of operations, and time concerns, [the Postal Service] does not ordinarily replace properly operating handicap assist opening devices at its Post Office facilities, and has no obligations under any building code, regulation or other law to do so." Id. at ¶ 11.

Based on the declaration of Mr. Schech, the decision regarding the type of entrance and exit doors to install at the Creve Coeur post office was partially based upon the needs of the USPS, the costs involved, and the anticipated needs of the customers using the facilities. These decisions are issues of policy and susceptible to a policy analysis. Demery, 357 F.3d at 833; C.R.S., 11 F.3d at 801; see also Rosebush v. United States, 119 F.3d 438, 443 (6th Cir. 1997) ("[D]ecisions whether and how to make federal lands safe for visitors require making policy judgments protected by the discretionary function exception."). The Court finds the USPS's decisions regarding the types of doors and door arrangements to install in the Creve Coeur post office are discretionary functions excepted from the FTCA's waiver of sovereign immunity.

As plaintiff points out, "[t]he contours of the discretionary function cannot be defined with precision," and each case must be analyzed individually. Pl. Opp'n to Mot. to Dismiss at 11. The Court's determination that the USPS's decisions regarding the type of entrance and exit doors to install and the type of door arrangements to use are discretionary functions excepted from the FTCA's waiver of sovereign immunity is consistent with the Eighth Circuit's decisions analyzing the discretionary function exception. See, e.g., Hart v. United States, 630 F.3d 1085 (8th Cir. 2011) (finding Bureau of Indian Affairs officer's decisions regarding how and when to restrain arrestee fell

- 7 -

within discretionary function exception); Riley v. United States, 486 F.3d 1030 (8th Cir. 2007) (finding the USPS's choice of curbside delivery at a dangerous intersection balanced considerations of personnel, efficiency, economy, and safety and fell within discretionary function exception); Demery, 357 F.3d at 830 (finding BIA's maintenance of aeration system at lake, and the warnings associated with the danger of open water, fell within the discretionary function exception); Cf. Aslakson v. United States, 790 F.2d 688 (8th Cir. 1986) (finding Western Area Power Administration officials' failure to comply with their own safety policy in the maintenance of electrical transmission lines outside the discretionary function exception).

Plaintiff argues, however, that the Supreme Court has decided the USPS is not immune from liability for slip-and-fall claims, and cites to the Supreme Court decision Dolan v. United States Postal Serv., 546 U.S. 481 (2006). In Dolan, however, the Supreme Court was not analyzing the discretionary function exception to the FTCA. Instead, the Supreme Court was analyzing the "postal exception" to the FTCA. See 28 U.S.C. 2680(b). The postal exception exempts from the FTCA's waiver of sovereign immunity claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matters." Id. The Supreme Court narrowed this postal exception in Dolan, holding that it applies only to torts involving negligence causing the mail to be lost or arrive late, in damaged condition, or at the wrong address. Dolan, 546 U.S. at 489. Here, plaintiff's case does not involve the negligent transmission of letters or postal matters, so the postal exception does not apply. To the extent plaintiff argues that the Supreme Court has determined the USPS is not immune from premises liability claims, plaintiff reads Dolan too broadly. While the postal exception likely would not immunize the USPS from a premises liability claim after Dolan, the discretionary function exception—where applicable—would immunize the USPS from a premises liability claim. In fact,

the Supreme Court expressly noted that the decision does not implicate the general rule that "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." Id. at 491 (quoting Lane v. Peña, 518 U.S. 187, 192 (1996)). The Dolan decision construed the postal exception to the FTCA and concluded that Dolan's claims fell outside the exception, "no less and no more." Id. at 492.

The USPS's decision regarding the type of doors and door arrangements to install at the Creve Coeur post office was a discretionary function within the meaning of the FTCA. Therefore, the USPS is entitled to sovereign immunity, and this Court will dismiss the allegations of negligence contained in paragraphs 7(d), 7(e), 7(f), 7(i), 16(d), 16(e), 16(f), and 16(i) of plaintiff's first amended complaint for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's partial motion to dismiss plaintiff's first amended complaint for lack of jurisdiction is **GRANTED**. [Doc. 28]

An order of partial dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of August, 2011.